IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| LORENZO EDWIN ERVIN, | |
| Petitioner, | |
| vs. | No. 13-2136-STA-dkv |
| JIM HAMMOND, | |
| Respondent. | |

---

ORDER ON PENDING MOTIONS
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

On March 4, 2013, Petitioner Lorenzo Edward Ervin, a resident of Memphis, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Ervin paid the habeas filing fee. (ECF No. 2.) On March 7, 2013, Ervin filed an emergency motion for a temporary restraining order and preliminary injunction and a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 3 & 4.) Because the filing fee has been paid, the motion for leave to proceed *in forma pauperis* is DENIED as moot. The Clerk shall record the respondent as Hamilton county Sheriff Jim Hammond.

Ervin has filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction that would prohibit

the Hamilton County Sheriff's Office from arresting him until resolution of the instant Petition. (ECF No. 3.) Ervin believes he is subject to arrest because he has not paid court costs and fees for the conviction at issue. (Id. at 6, 7.) Because the Petition will be denied for the reasons stated *infra*, this motion is DENIED as moot.

I.      **STATE COURT PROCEDURAL HISTORY**

On January 10, 2001, Ervin was convicted in the Criminal Court for Hamilton County, Tennessee, of disrupting a meeting, in violation of Tennessee Code Annotated § 39-17-306. At a sentencing hearing on February 26, 2001, Ervin received a suspended sentence of six months. (ECF No. 1 at 1.) Ervin appealed, and the Tennessee Court of Criminal Appeals affirmed. State v. Ervin, No. E2001-001147-CCA-R3-CD, 2003 WL 2154920 (Tenn. Crim. App. May 29, 2003), *appeal denied* (Tenn. Oct. 6, 2003).[1] Ervin did not file a post-conviction petition. (*See* ECF No. 1 at 3-4.)

II.     **PETITIONER'S FEDERAL HABEAS CLAIMS**

In his federal habeas petition, Ervin raises the following issues:

1. Whether the trial court properly rejected the claim that the State discriminated against African-Americans in selecting a jury;

---

[1] This was not Ervin's first conviction under that statute. In a prior case, the Tennessee Court of Criminal Appeals rejected Ervin's challenge to the constitutionality of the statute at issue. State v. Ervin, 40 S.W.3d 508 (Tenn. Crim. App. 2000), *appeal denied* (Tenn. Feb. 12, 2001), *cert. denied*, 534 U.S. 842 (2001). It appears that Ervin filed a petition pursuant to 28 U.S.C. § 2254 in the Eastern District of Tennessee, which was denied. Ervin v. State of Tenn., No. 1:00-cv-00343 (E.D. Tenn. dismissed Dec. 8, 2000).

>    2. Whether there was sufficient evidence presented at trial to convict him of the charged offense;
>
>    3. Whether Tennessee Code Annotated § 39-17-306 is vague and overly broad; and
>
>    4. Whether the trial court erred by instructing the jury regarding knowing or reckless conduct where the statute did not provide a specific *mens rea*.

(ECF No. 1 at 5-10.)

**III.   ANALYSIS OF PETITIONER'S CLAIMS**

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement of 28 U.S.C. § 2254(a) is evaluated as of the date on which the petition is filed. *See, e.g.*, Carafas v. LaVallee, 391 U.S. 234 (1968) (habeas petition is not moot and court is not divested of jurisdiction where petitioner is unconditionally released from custody during pendency of appeal); United States v. Zack, No. 98-1526, 1999 WL 96996 (6th Cir. Feb. 1, 1999) (§ 2255 motion not moot where prisoner is on supervised release). In this case, a suspended sentence of six months was imposed on February 26, 2001. That sentence had fully expired more than eleven years before Ervin filed the instant Petition and, therefore, the "in custody" requirement is not satisfied. *See* Maleng v. Cook, 490 U.S. 488, 492 (1989) ("in custody" requirement not satisfied for fully expired conviction despite possibility conviction might be used to enhance future sentence; Ward v.

Knoblock, 738 F.2d 134, 138 (6th Cir. 1984) ("in custody" requirement not satisfied where prisoner sought to challenge past confinement under similar provision of 28 U.S.C. § 2254); United States v. Onyango, Criminal Action No. 09-128-KSF, Civil Action No. 12-7195-KSF-JGW, 2012 WL 1940621, at *1-2 (E.D. Ky. Apr. 27, 2012) (federal defendant who was sentenced to time served with no supervised release not "in custody") (report and recommendation), *adopted*, 2012 WL 1940613 (E.D. Ky. May 29, 2012); United States v. Peatross, Criminal No. 06-20351, Civil No. 11-11089, 2011 WL 2618533, at *1 (E.D. Mich. June 30, 2011).

This conclusion is not altered by the fact that Ervin has refused to pay court costs. *See, e.g.,* Thrower v. City of Akron, 43 F. App'x 767 (6th Cir. 2002) ("A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement. Nor does potential future incarceration for failure to pay such a fine provide the requisite subject matter jurisdiction."); Evans v. Birkett, No. 10-14787-BD, 2012 WL 86800, at *2 (E.D. Mich. Jan. 11, 2012) ("The imposition of a fine . . . is not a sufficient restraint on liberty to meet the 'in custody' requirement."); Bowling v. Holland, No. 1:11 CV 492, 2011 WL 5024171 (N.D. Ohio Aug. 23, 2011) (failure to pay court costs does not satisfy "in custody" requirement) (report and recommendation), *adopted*, 2011 WL 5024170 (N.D. Ohio Oct. 20, 2011).

Because Petitioner has not satisfied the "in custody" requirement, his petition pursuant to 28 U.S.C. § 2254 is DENIED WITH PREJUDICE. Judgment shall be entered for Respondent.

**IV.    APPEAL ISSUES**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336; *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537

U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that Petitioner's claims are meritless for the reasons previously stated. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

The Court must also consider whether Defendant should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would

not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the litigant must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u> The same considerations that lead the Court to deny this § 2254 petition and to deny a certificate of appealablity also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Defendant would not be taken in good faith and Defendant may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.[2]

IT IS SO ORDERED this 15th day of March, 2013.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2] If Defendant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.